UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Willie Chapman, | ) | C/A No. 5:13-cv-00605-RMG-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Warden of Manning Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Willie Chapman ("Petitioner" or "Chapman") is a state prisoner who filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 27, 28. On May 10, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 30. On June 17, 2013, Petitioner filed a response in opposition to Respondent's Motion for Summary Judgment, which Petitioner supplemented on June 26, 2013. ECF Nos. 40, 41. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 27, be granted.

I.      Background

Petitioner is currently incarcerated in the Manning Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In June 2007, Petitioner was indicted by a

Greenville County Grand Jury for Felony DUI (Resulting in Death). App. 111-12.[1] On November 3, 2008, Petitioner entered a guilty plea to Felony DUI before the Honorable J. Mark Hayes, II. App. 1-18. Attorney Amanda Holman Lackland represented Petitioner, and Solicitor Jennifer A.R. Tessitore appeared on behalf of the State. App. 1. Petitioner was sentenced to 13 years imprisonment and the payment of a $10,000 fine. App. 17. Petitioner did not file a direct appeal. ECF No. 1 at 2.

II. Procedural History

On June 5, 2009, Petitioner filed an application seeking post-conviction relief ("PCR"). App. 20-52. In his application, Petitioner argued he was entitled to relief on the following grounds:

(a) Ineffective Assistance of Counsel
(b) Prosecutorial Misconduct
(c) Denial of Due Process and Equal Protection of Law under the 14th Amendment and South Carolina Constitution
(d) Involuntary Plea.

App. 22. In response, the State filed its Return on September 10, 2009, and requested an evidentiary hearing on Petitioner's ineffective assistance of counsel claim. App. 53-56. On May 24, 2010, an evidentiary hearing was conducted in Greenville County before the Honorable Robin B. Stillwell. App. 58. At the hearing Petitioner was represented by Rodney W. Richey, Esq., while the State was represented by Assistant Attorney General Karen C. Ratigan. *Id.* Petitioner and his former defense attorney, Amanda Lackland, testified. App. 61-97. On July 9, 2010, the PCR court issued an order denying Petitioner relief and making the following findings of fact and conclusions of law:

---

[1] Citations to "App." refer to the Appendix for Petitioner's appeal of his judgment of conviction. That appendix is available at ECF No. 28-1 in this habeas matter.

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing and to closely pass upon their credibility. This Court has weighed the testimony accordingly.

Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

## Ineffective Assistance of Counsel

The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002) (citing Rule 71.l (e), SCRCP).

For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); Porter v. State, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006). When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370 (1985); Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001).

The Applicant stated he met with plea counsel three or four times before the plea hearing, but that the only discovery materials they reviewed were the toxicology reports. The Applicant stated he was not impaired at the time of the accident and that the accident was the result of a defective tire. The Applicant stated he told this to plea counsel but she did no further investigation. The Applicant stated plea counsel should have moved to quash the indictment because the Grand Jury was not actually convened the week the indictment was signed. The Applicant stated there was a deficiency in the chain of custody of the blood drawn and sent for analysis. The Applicant admitted on cross-examination, however, that he had illegal drugs in his system at the time of the accident. The Applicant testified he wanted a jury trial but plea counsel told him he would receive a harsher sentence. The Applicant testified he agreed to accept the State's ten (10) year plea offer. The Applicant testified he asked plea counsel to file an appeal because his thirteen (13) year sentence exceeded the recommendation.

3

Plea counsel testified she filed discovery motions in this case and was confident she reviewed the discovery materials with the Applicant because it is her general practice to do so. Plea counsel testified the Applicant said he used drugs the night before the accident but was not under the influence at the time of the accident. Plea counsel testified the toxicology report indicated the Applicant had numerous illegal drugs in his system. Plea counsel stated she further consulted an expert who stated that one of the results of the toxicology report indicated the Applicant might have also consumed alcohol before the accident. Plea counsel stated she discussed these findings with the Applicant. Plea counsel stated that, based on the evidence in this case, it was not necessary to investigate whether the Applicant's car malfunctioned. Plea counsel stated there were no issues with either the chain of custody or the indictment in this case. Plea counsel stated that, while she did not recall the Applicant asking for a jury trial, they did discuss the advantages and disadvantages of a jury trial versus a guilty plea. Plea counsel stated the State made a plea offer for ten (10) years, but the Applicant wanted an eight (8) year offer. Plea counsel testified the Applicant signed the sentencing sheet in advance of the plea. Plea counsel testified she explained to the Applicant that the plea judge could levy a sentence either higher or lower than the recommendation. Plea counsel testified she would have filed an appeal if asked to do so. Plea counsel testified another attorney from the Public Defender's Office spoke with the Applicant soon after the plea, and the Applicant never told him that he wanted an appeal.

Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds the Applicant's testimony is not credible, while also finding plea counsel's testimony is credible. This Court further finds plea counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation.

The Applicant admitted his guilt to the plea judge. (Plea transcript, p.11). The Applicant also told the plea judge that he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel and had not been coerced in any way. (Plea transcript, pp.5-7).

This Court finds the Applicant failed to meet his burden of proving plea counsel failed to adequately review the discovery materials in this case. This Court finds credible plea counsel's testimony that she reviewed the discovery materials with the Applicant. This Court notes the toxicology report in this case indicated the following substances were in the Applicant's system at the time of the fatal accident: "cocaine or benzodiazepines, cannabinoids, marijuana and alprazolam or Xanax." (Plea transcript, pp.8-9). Based upon this evidence - and statements from the officers that the Applicant had admitted to drinking and using marijuana[2]- this Court finds plea counsel was not deficient in failing to investigate whether the Applicant's tire was defective. This Court further finds the Applicant

4

has failed to substantiate his claim that the chain of custody in his case was incomplete.[3]

This Court finds the Applicant failed to meet his burden of proving plea counsel should have filed a motion to quash the indictment. The Applicant's argument that the Grand Jury was not scheduled to convene when his indictments were signed is without merit. While terms of court are technically prescribed by statute, this Court notes general sessions matters may be transacted during common pleas terms of court and vice versa. See S.C. Code Ann. §§ 14-5-410,-420 (Supp. 2003).

This Court finds the Applicant failed to meet his burden of proving that while he wanted a jury trial, he was somehow coerced into entering a guilty plea. This Court finds credible plea counsel's testimony that the Applicant never told her he wanted a jury trial. Regardless, this Court notes the Applicant was fully advised by the plea judge of the rights he was giving up in deciding to plead guilty and that the Applicant agreed to waive those rights and proceed. (Plea Transcript, pp.6-7). Plea counsel testified the Applicant did not waver during the plea hearing and the plea transcript does not indicate the Applicant ever changed his mind about entering a guilty plea to this charge. This Court also finds the Applicant was aware the plea judge was not bound by the terms of the plea recommendation. Not only did plea counsel explain this to him, the plea judge made the Applicant aware during the plea hearing and the Applicant stated he understood. (Plea transcript, p.10).

This Court finds the Applicant failed to meet his burden of proving plea counsel failed to file an appeal. This Court finds credible plea counsel's testimony that the Applicant never - either directly or indirectly - asked her to file an appeal and that she would have done so if requested. This Court notes the Applicant testified he wanted to file an appeal because he received a thirteen (13) year sentence after he pled guilty pursuant to a ten (10) year plea recommendation. As discussed supra, the Applicant was aware the recommendation was not binding upon the plea judge. (Plea transcript, p.10). Regardless, this Court notes the Applicant's proposed appellate issue is not a valid and cognizable ground for appeal.

---

[2] Plea transcript, p. 8.

[3] Regardless, assuming arguendo there is a weak link in the chain of custody, the question is one of credibility not admissibility. See State v. Horton, 359 S.C. 555, 598 S.E.2d 279 (Ct. App. 2004).

5

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test - that plea counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that plea counsel committed either errors or omissions in his representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland - that he was prejudiced by plea counsel's performance.

This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. This Court also concludes the Applicant has failed to meet his burden of proving his guilty plea was not knowing and voluntary. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

### All Other Allegations

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

### CONCLUSION

Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his guilty plea and sentencing proceedings. Counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation. Therefore, this application for PCR must be denied and dismissed with prejudice.

App. 100-106. Petitioner, represented by Robert M. Pachak of the South Carolina Commission on Indigent Defense, timely filed a *Johnson*[2] Petition for Writ of Certiorari. ECF No. 28-2. The sole issue that was presented and argued was that "plea counsel was ineffective in advising petitioner that he would only receive a sentence of ten (10) years." *Id.* at 3. Petitioner filed an Amended Pro Se Petition for Writ of Certiorari and presented three issues: "1 Was the Petitioner's plea agreement breached by the Solicitor and Trial Court [,] 2 Was the Petitioner's plea involuntary, unknowing, and intelligent plea[,] 3 Was the Petitioner's trial Counsel

---

[2] *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

ineffective when failure to withdraw his plea when the trial Court failed to honor the Negotiated plea agreement." ECF No. 28-5 at 3.  On July 6, 2012, the South Carolina Court of Appeals denied certiorari. ECF No. 28-6.  The Remittitur was issued on July 27, 2012.  ECF No. 28-7. On October 8, 2012, Petitioner filed a Petition for Writ of Certiorari with the South Carolina Supreme Court, ECF No. 28-8, which was dismissed the same day, ECF No. 28-9. Petitioner's habeas petition was filed on March 7, 2013.  ECF No. 1.

   III.   Discussion

      A. Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE:  Prosecutorial Misconduct
>
> Supporting facts:  Petitioner at the behest of the prosecutor signed a plea contract for a ten year sentence.  Prosecutor mis-lead petitioner into thinking that signing this plea contract made the ten yrs. sentence a done deal.
>
> GROUND TWO:  That Petitioners Plea was not Involuntary.
>
> Supporting facts:  Petitioner only pled guilty because he thought he would receive a ten yr. sentence.  He would not have pled guilty had he fully been made aware of consequences of the plea.
>
> GROUND THREE:  Ineffective Assistance of Trial Counsel
>
> Supporting Facts: Counsel failed to withdraw plea when she became aware that court was not going to honor recommendation.

ECF No. 1 at 5-9.

      B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is

7

appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### C.  Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th

Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

IV.   Analysis

   A. Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas petition should be dismissed because Petitioner's claims are barred by the statute of limitations. ECF No. 28 at 7. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Review of the record indicates Petitioner's federal habeas petition was not timely filed. As Petitioner did not seek appellate review of his guilty plea or sentence imposed on November 3, 2008, his conviction became final on November 13, 2008, ten days after his sentence was imposed. *See* Rule 203(b)(2), SCACR (stating that in a criminal action a notice of appeal must be served on all respondents within ten days after the sentence is imposed). Petitioner's filing of his PCR application on June 5, 2009, tolled the one-year limitations period, *see* 28 U.S.C. §

2244(d)(2); 204 days had elapsed when Petitioner filed his PCR application, leaving 161 days within which Petitioner could timely file a federal habeas petition. The statute of limitations period remained tolled until the South Carolina Court of Appeals issued the remittitur on Petitioner's PCR appeal on July 27, 2012. At this time the one-year limitations period recommenced and 223 days elapsed before Petitioner filed this habeas action on March 7, 2013. *See* ECF No. 1-5 at 1.  Because Petitioner only had 161 days left to timely file a habeas petition, the March 7, 2013 filing is untimely under 28 U.S.C. § 2244(d) and must be dismissed.[3]

B.  The Statute of Limitations Should Not Be Equitably Tolled

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition.  *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it

---

[3] Petitioner's Petition for Writ of Certiorari, filed on October 8, 2012 with the South Carolina Supreme Court, did not toll the AEDPA limitation period because it was not properly filed. ECF No. 28-9. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected Petitioner's PCRA Petition as untimely, it was not properly filed and he is not entitled to statutory tolling under § 2244(d)(2).").

> would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2254 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

In his Response to Respondent's summary judgment motion, Petitioner does not address Respondent's argument that his petition is barred by the AEDPA statute of limitations. Instead Petitioner addresses the merits of his involuntary guilty plea argument and contends that he should be provided counsel. ECF Nos. 40, 41. The undersigned has reviewed Petitioner's filings and the record before the court and finds that equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the Petition was not timely filed, and it is barred by Section 2244(d)(1).[4]

---

[4] Because the court finds that the statute of limitations bars Petitioner's § 2254 petition, it is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

11

V.     Conclusion and Recommendation

Therefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 27, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

September 11, 2013                           Kaymani D. West
Florence, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**