IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| WILLIE CHAPMAN, | ) |
| | ) |
| Petitioner, | ) No. 5:13-cv-00605-RMG |
| | ) |
| v. | ) **ORDER** |
| | ) |
| WARDEN OF MANNING CORRECTIONAL INSTITUTION, | ) |
| | ) |
| Respondent. | ) |

This *pro se* matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No.43), recommending that Respondent's Motion for Summary Judgment (Dkt. No. 27) be granted. For the reasons set forth below, the Court adopts the R & R and GRANTS Respondent's Motion for Summary Judgment.

## Background

The Magistrate Judge was assigned this matter for initial review pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC. Willie Chapman ("Petitioner" or "Chapman") is a state prisoner, incarcerated in the Manning Correctional Institution of the South Carolina Department of Corrections. On March 7, 2013 Petitioner filed this *pro se* writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Respondent then filed a motion for summary judgment pursuant to Rule 56 on May 9, 2013. (Dkt. No. 27.) The Magistrate Judge then issued a *Roseboro* order (Dkt. No. 30) directing Petitioner to file a response to Respondent's motion by June 13, 2013. Petitioner did not file a response by that date. The Magistrate Judge then issued an order directing Petitioner to advise the Court by September 6, 2013, whether he

1

wished to continue with the case. (Dkt. No. 37.) On June 17, 2013, Petitioner finally filed a response to Respondent's Motion for Summary Judgment. (Dkt. No. 40.) The Magistrate Judge filed an R & R on September 11, 2013, recommending that this Court grant Respondent's motion for summary judgment and deny the petition as being time-barred. (Dkt. No. 43.) Petitioner has failed to file any objections to the R & R of the Magistrate Judge.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Additionally, this Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

Petitioner's *pro se* habeas petition is governed by 28 U.S.C. § 2254(d), which provides that relief may only be granted if the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The applicable statute of limitation under Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is one year. *Id.* However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.*

## Discussion

After review of the record and the R & R, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R & R, finding that Petitioner's claim is time-barred. The Court agrees with the Magistrate Judge's thorough analysis regarding the application of AEDPA's statute of limitations to the facts of this case.

Petitioner entered a plea and was sentenced on November 3, 2013. (Dkt. No. 28-1.) Because Petitioner did not seek appellate review of his plea and conviction, the one year statute of limitations began to run on November 13, 2008, ten days after his sentence was imposed. *See e.g.*, 28 U.S.C. § 2244(d)(1)(A) (one year statute of limitations begins to run at the "expiration of the time" for seeking direct review in state court); Rule 203(b)(2), SCACR (notice of appeal in criminal action must be served on respondents within ten days after the sentence is imposed). The statute of limitations was then tolled on June 5, 2009, when Petitioner filed his PCR application. *See* 28 U.S.C. § 2244(d)(1)(2). At this point, 204 days had elapsed out of the total 365 day statute of limitations, thus leaving a remainder of 161 days for Petitioner to file his habeas petition. The statute of limitations remained tolled until the South Carolina Court of Appeals issued the remittitur on Petitioner's PCR appeal on July 27, 2012. (Dkt. No. 28-7.) Thus, in order to be timely, Petitioner's writ needed to be filed by January 5, 2013. However,

Petitioner did not file this habeas action until March 7, 2013, sixty-two days after the statute of limitations had expired. (*Id.*)

## Conclusion

For the reasons forth above, the Court ADOPTS the R & R (Dkt. No. 43) in full. Accordingly, the Court GRANTS Respondent's motion for summary judgment (Dkt. No. 27).

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

October 1*D*, 2013
Charleston, South Carolina